KINDRA DENEAU (State Bar No. 024156)
7135 East Camelback Rd., Suite 230
Scottsdale, Arizona 85251
Telephone: (480) 306-5977
Facsimile: (602) 626-3504
E-mail: kdeneau@lemberglaw.com

*Of Counsel to*
Lemberg & Associates LLC
A Connecticut Law Firm
1100 Summer Street
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile: (203) 653-3424

Attorneys for Plaintiff,
Ruth Corcoran

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ruth Corcoran,<br><br>         Plaintiff,<br><br>   vs.<br><br>MRS Associates, Inc.; and DOES 1-10, inclusive,<br><br>         Defendants. | Case No.:<br><br>**COMPLAINT** |

For this Complaint, the Plaintiff, Ruth Corcoran, by undersigned counsel, states as follows:

## **JURISDICTION**

1. This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), and the invasions of Plaintiff's personal privacy by the Defendants and its agents in their illegal efforts to collect a consumer debt.

2. Original and supplemental jurisdiction exists pursuant to 28 U.S.C. §§ 1331, 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendants transact business here and a substantial portion of the acts giving rise to this action occurred here.

## **PARTIES**

4. The Plaintiff, Ruth Corcoran (hereafter "Plaintiff"), is an adult individual residing in Tucson, Arizona , and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5. The Defendant, MRS Associates, Inc. (hereafter "MRS"), is a company with an address of 1930 Olney Avenue, Cherry Hill, New Jersey 08003, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6. Does 1-10 (the "Collectors") are individual collectors employed by MRS and whose identities are currently unknown to the Plaintiff. One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7. MRS at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

**A.     The Debt**

8. The Plaintiff allegedly incurred a financial obligation (the "Debt") to Capital One (the "Creditor").

9. The alleged Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10. The alleged Debt was purchased, assigned or transferred to MRS for collection, or MRS was employed by the Creditor to collect the alleged Debt.

11. The Defendants attempted to collect the alleged Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

3

**B.     MRS Engages in Harassment and Abusive Tactics**

12.     Within the last year, MRS contacted Plaintiff in an attempt to collect the alleged Debt.

13.     Plaintiff received a letter dated April 18, 2011 from MRS notifying Plaintiff that MRS is attempting to collect on a Capital One account.

14.     Corcoran subsequently received a letter dated May 20, 2011 claiming to be from Capital One entitled "Pay Over Time 0% APR" telling Corcoran that she is, "eligible to have the Annual Percentage Rate (APR) reduced to 0%.  Simply call MRS Associates, Inc. at 1-800-749-6434 to make arrangements for an acceptable repayment plan.  After you have made acceptable arrangements, your APR will be reduced to 0% within 8 days."

15.     The 0% offer letter was a letter either sent by MRS or endorsed by MRS.

16.     When Plaintiff called the 1-800 number in an attempt to reach Capital One, she was transferred to MRS.

17.     MRS then proceeded to demand a lump sum payment from Plaintiff to settle the entire account balance of the Debt. MRS told Plaintiff that if she did not pay the Debt in one lump sum, the account interest rate will be 26.15%.

18.     MRS never had any intention of providing Plaintiff with the opportunity to make arrangements for a payment plan in exchange for an account interest rate reduction to 0%.

4

19. MRS refused to accept or consider any payment plan of any kind towards the Debt in exchange for the offered reduced interest rate of 0%.

20. Upon information and belief, the MRS representatives who spoke with Plaintiff were located in the Indian subcontinent. However, they claimed to be calling Plaintiff from New Jersey.

21. In the May 20, 2011 letter, MRS did not indicate to Plaintiff that the communication was from a debt collector in any meaningful manner. The identification was situated on the reverse side of the letter in and amongst other notices.

C. **Plaintiff Suffered Actual Damages**

22. The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

23. As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

24. The Defendants' conduct was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

# COUNT I

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. § 1692, et seq.

25. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

26. The Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt, in violation of 15 U.S.C. § 1692d.

27. The Defendants employed false and deceptive means to collect a debt, in violation of 15 U.S.C. § 1692e(10).

28. The Defendants failed to inform the consumer that the communication was an attempt to collect a debt, in violation of 15 U.S.C. § 1692e(11).

29. The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

30. The Plaintiff is entitled to damages as a result of the Defendants' violations.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff prays that judgment be entered against the Defendants:

    A. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against the Defendants;

B. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against the Defendants;

C. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against the Defendants;

D. Actual damages from the Defendants for the all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA violations in an amount to be determined at trial for the Plaintiff;

E. Punitive damages;

F. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

DATED:  March 6, 2012                    LEMBERG & ASSOCIATES, LLC


By: ___/s/  Kindra Deneau___
Kindra Deneau

Attorney for Plaintiff
Ruth Corcoran